NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY RIVERS, | No.   20-55073 |
| Petitioner-Appellant, | |
| v. | D.C. No. CV 16-03068-JGB-SHK |
| MICHAEL MARTEL, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
For the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted January 15, 2021**
Pasadena, California

Before:  CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,*** District Judge.

A California jury convicted Anthony Rivers, a registered sex offender, of

failing to notify authorities of his change in residence within five working days of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

becoming homeless, as required by California law. Subsequently, Rivers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. The operative petition raises two grounds for relief: (1) that the trial court violated his right to counsel by granting his request for self-representation; and (2) that the trial court's nine-year sentence is cruel and unusual in violation of the Eighth Amendment. The district court denied the petition, and Rivers timely appealed. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, review de novo, *Hall v. Haws*, 861 F.3d 977, 988 (9th Cir. 2017), and affirm.

1. The district court did not err in denying Rivers' claim that he should not have been allowed to represent himself at trial. A criminal defendant who is competent to stand trial is competent to waive the assistance of counsel. *Godinez v. Moran*, 509 U.S. 389, 399 (1993). The standard for such competence is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Id.* at 396 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). There is no evidence in the record to suggest that Rivers was incompetent to waive his right to counsel.

That Rivers, who is blind, thereafter proved to be an ineffective advocate has little bearing on the question whether he was competent to waive his right to

2

counsel in the first instance. *See Godinez*, 509 U.S. at 399 ("[T]he competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself."). While Rivers' capacity to represent himself might be relevant to the inquiry under *Indiana v. Edwards*, 554 U.S. 164 (2008), that case dealt only with whether a trial court is *permitted* to deny a defendant's request for self-representation, not with whether a trial court is *required* to do so. *See Edwards*, 554 U.S. at 178; *see also United States v. Ferguson*, 560 F.3d 1060, 1070 n.6 (9th Cir. 2009) ("*Edwards* does not *compel* a trial court to deny a defendant the exercise of his or her right to self-representation; it simply *permits* a trial court to require representation for a defendant who lacks mental competency to conduct trial proceedings."). Therefore, the California Court of Appeal, in the last reasoned state court decision addressing Rivers' right-to-counsel claim on direct appeal, did not unreasonably apply clearly established federal law in denying it.

2. Nor did the district court err in denying Rivers' Eighth Amendment claim. The Los Angeles County Superior Court, in the last reasoned state court decision addressing this claim in the state habeas proceedings, denied the claim, in part, for being untimely and for raising claims that could have been, but were not, raised on direct appeal. Because this denial rested on two independent and adequate state-law grounds, the district court properly held that it was procedurally barred from

3

hearing the claim in a federal habeas proceeding. *See Clark v. Chappell*, 936 F.3d 944, 982 (9th Cir. 2019) (recognizing that California has imposed "procedural bars" based on timeliness and failure to raise claims on direct appeal).[1]

**AFFIRMED.**

---

[1]     Because Rivers does not dispute, and therefore concedes, that his Eighth Amendment claim is procedurally barred, we do not reach the merits of the claim.